12-3904-ag
*Dervishaj v. Holder*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DIONIS NO DERVISHAJ,

> *Petitioner,*

> -v.-                                                                                   No. 12-3904-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**      JOSHUA E. BARDAVID, New York, NY.

**FOR RESPONDENT:**      LISA M. DAMIANO (Greg D. Mack, *on the brief*), Office of Immigration Litigation, *for* Stuart F. Delery, Assistant Attorney General, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the BIA's decision is **VACATED** and the petition is **REMANDED** for further proceedings consistent with this order.

Dionis No Dervishaj, a native of the former Yugoslavia and citizen of Kosovo, seeks review of a September 11, 2012 decision of the BIA affirming the October 7, 2010 decision of Immigration Judge ("IJ") Robert Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dionis No Dervishaj*, No. A089 253 000 (B.I.A. Sept. 11, 2012), *aff'g* No. A089 253 000 (Immig. Ct. Oct. 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary . . . ." (emphasis supplied)); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications, such as Dervishaj's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see id.* § 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ's adverse credibility finding was based upon five perceived inconsistencies within Dervishaj's testimony and between his testimony and the documentary evidence. These inconsistencies related to: (1) the identity of his father's assailants during the 2007 incident; (2) the identity and motive of the individuals who attacked Dervishaj and his family in January 2006; (3) the date his family home was bombed in 2006; (4) how and with whom Dervishaj was traveling during a March 2004 incident; and (5) the date of an attack on his father in 2007.[1]

Based upon our review, the IJ's determinations regarding the second and third inconsistencies were premised upon clear misunderstandings or misstatements of the record. As to the second alleged inconsistency, the accounts given by Dervishaj and his father were not identical, but they were consistent. Specifically, Dervishaj's identification of the assailants by their uniforms

---

[1] Because the BIA discounted the first alleged inconsistency as a basis for the IJ's adverse credibility determination, we do not consider that inconsistency in our analysis. *See Xue Hong Yang*, 426 F.3d at 522.

and emblems as members of the "National Albanian Army" was not contradicted by his father's statement that the individuals were wearing masks and were thus unknown to him. As to the third alleged inconsistency, the Government conceded at oral argument that the IJ's description of the evidence supporting this incident rested upon a misstatement of the record. Dervishaj's testimony was that an explosion occurred at his family home on November 28, 2006—the IJ, in turn, cited to Exhibit 3DD as evidence that the incident took place on October 28, 2006. In fact, however, that exhibit confirmed the date of the blast was November 28, 2006.[2]

These errors warrant remand of this petition to the BIA with instructions to remand to the IJ to reassess Dervishaj's credibility. As we have previously stated:

> Where the adverse credibility determination supporting denial of relief from removal is a product of some agency findings infected by legal error and others that are not, our decision to uphold the agency decision or to remand for further proceedings depends on how confidently we can predict that the agency would reach the same decision absent the errors that were made.

*Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (internal quotation marks omitted). Here, because we cannot predict with confidence that the IJ would, after excising the erroneous portions of his previous decision, reach the same conclusion regarding Dervishaj's credibility, it is necessary that we vacate the BIA's decision with instructions that the IJ undertake a reassessment of Dervishaj's credibility.

For the foregoing reasons, the BIA's decision is **VACATED** and the petition is **REMANDED** to the BIA with instructions to remand to the IJ. We do not, of course, express any view as to Dervishaj's ultimate credibility. On remand, the IJ will be permitted to assess Dervishaj's credibility based on any remaining inconsistencies considered in light of the full and accurate record.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] This leaves the fourth and fifth alleged inconsistencies. The fourth alleged inconsistency concerns how and with whom Dervishaj was traveling during the attack in March 2004. The fifth alleged inconsistency concerns the date his father was attacked in 2007—Dervishaj testified that the attack occurred on October 18, 2007, while a letter from Dervishaj's father states that the attack occurred on November 18, 2007. On remand, the IJ is responsible for assessing the plausibility of Dervishaj's explanations regarding each of these inconsistencies.